IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM NO. 14-00468 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING MAGISTRATE |
| | ) | JUDGE'S EXCLUSION OF |
| vs. | ) | GOVERNMENT'S EXPERT REPORTS |
| | ) | AND TESTIMONY |
| WASTE MANAGEMENT OF | ) | |
| HAWAII INC., (01) | ) | |
| JOSEPH R. WHELAN, (02) | ) | |
| JUSTIN H. LOTTIG, (03) | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S
EXCLUSION OF GOVERNMENT'S EXPERT REPORTS AND TESTIMONY**

**I.       INTRODUCTION.**

Before this court is the Government's appeal from Magistrate Judge Barry M. Kurren's "Order Granting Defendant Waste Management of Hawaii, Inc.'s Motion to Exclude Government's Expert Reports and Testimony" due to untimely disclosures.  See ECF No. 98.  This court affirms.

**II.      BACKGROUND.**

Citing Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the "Second Amended Stipulation and Scheduling Order" required the Government to disclose the expert witnesses it intended to call in its case-in-chief no later than January 9, 2015.  See ECF No. 82, PageID # 1235.  It also required disclosures with respect to the Government's rebuttal case, if any, by April 30, 2015.  See id. The Government provided summaries of four expert witnesses, Dr. Sarah Park, Dr. Charles

Littnan, Dr. Michelle Barbieri, and Sharon Smith, approximately two months after January 9, 2015. See ECF No. 98, PageID # 1655. The Magistrate Judge precluded the Government from calling the four expert witnesses at "trial." Id. The order did not specify whether "trial" referred only to the Government's case-in-chief, or to both the Government's case-in-chief and the Government's rebuttal case, if any. See id.

On May 15, 2015, the Government filed a "Motion to Amend the Final Sentence of the Court's 'Order Granting Defendant Waste Management of Hawaii, Inc.'s Motion to Exclude Government's Expert Reports and Testimony.'" See ECF No. 119. The Government requested that the Magistrate Judge amend his Order to "clarify that it applies only to the [G]overnment using the experts in its case-in-chief and not in its rebuttal case." ECF No. 119, PageID # 2109 (emphasis omitted). The Government argues that it timely provided summaries of the anticipated testimony of the aforementioned experts prior to the April 30 deadline for disclosures with respect to rebuttal expert witnesses, and this court therefore "should not preclude the [G]overnment from calling the experts in rebuttal." Id.

The Government also requested clarification as to whether the Magistrate Judge's prohibition against calling Sharon Smith as an expert witness extended to calling her as a lay witness. See id.

On May 18, 2015, the Magistrate Judge denied the Government's "Motion to Amend the Final Sentence of the Court's 'Order Granting Defendant Waste Management of Hawaii, Inc.'s Motion to Exclude Government's Expert Reports and Testimony.'" See ECF No. 123. On May 19, 2015, the Government filed the present "Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge," seeking review of portions of the Magistrate Judge's rulings of May 5, 2015, and May 18, 2015. See ECF No. 125.

The court affirms the Magistrate Judge's orders of May 5, 2015 (ECF No. 98), and May 18, 2015 (ECF No. 123).

### III.     STANDARD OF REVIEW.

Under Criminal Local Rule 57.3(b) and 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law." See Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991). The threshold of the "clearly erroneous" test is high. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that

a mistake has been committed."). When reviewing a magistrate judge's decision, a district judge may not simply substitute his or her judgment for that of the magistrate judge. See Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

**IV.     ANALYSIS.**

The Government must give a defendant a written summary of any expert testimony that the Government intends to use during its case-in-chief. Fed. R. Crim. P. (16)(a)(1)(G). If a party fails to comply, the court may prohibit that party from introducing the undisclosed evidence. Fed. R. Crim. P. (16)(d)(2)(C). The court has broad powers to manage the presentation of evidence at trial. United States v. Urena, 659 F.3d 903, 908 (9th Cir. 2011) (citing United States v. Grace, 526 F.3d 499, 516 (9th Cir. 2008)). This court has "unquestioned discretionary power to exclude evidence that should have been produced in reciprocal discovery." Urena, 659 F.3d at 908 (citing United States v. Moore, 208 F.3d 577, 578 (7th Cir. 2000)).

Some courts have held that an exclusionary sanction is severe and should only be imposed when violation of a discovery order was "willful and motivated by a desire to obtain a tactical advantage." United States v. Finley, 301 F.3d 1000, 1018 (9th Cir. 2002). However, in Grace, the Ninth Circuit noted that its prior holdings limiting exclusionary sanctions to the "tactical

4

advantage" situation were designed to limit the imposition of exclusion sanctions relating to defense, not Government, witnesses. See Grace, 526 F.3d at 514-15. The Ninth Circuit reiterated that limits on defense witnesses should be sparing because "few rights are more fundamental than that of an accused to present witnesses in his own defense." Id. The Magistrate Judge did not limit any defense witness, instead precluding the Government from presenting four experts' testimony in the Government's case-in-chief. The Government does not challenge this part of the Magistrate Judge's order. See ECF No. 125, PageID # 2204.

While not appealing the exclusion of the untimely disclosed expert testimony from its case-in-chief, the Government appeals the preclusion of testimony by the same experts during its rebuttal case. See id., PageID # 2204. This court's broad discretion with respect to evidence is not limited to a case-in-chief. See United States v. Butcher, 926 F.2d 811, 817 (9th Cir. 1991) (citing United States v. McCollum, 732 F.2d 1419, 1426 (9th Cir. 1984), in noting that trial court acted within its discretion by excluding surrebuttal testimony).

The Government cannot introduce what should have been the direct testimony of these experts under the "guise of rebuttal." See United States v. Hodges, 480 F.2d 229, 232 (10th Cir. 1973) (introduction of certain undisclosed evidence in

5

rebuttal case did not grant license to freely introduce undisclosed evidence under "guise of rebuttal"); see also Peals v. Terre Haute Police Dep't, 535 F.3d 621, 630 (7th Cir. 2008) (party may not introduce undisclosed evidence in its rebuttal case only to provide additional support for case-in-chief); Blake v. Securitas Sec. Servs., Inc., 292 F.R.D 15, 19 (D.D.C. 2013) ("Where a party attempts to designate as a 'rebuttal' expert someone whose proposed testimony is beyond the scope of appropriate rebuttal, that expert may be viewed as an initial expert who was not timely designated").

     The Government says that one of the four experts, Dr. Sarah Park, will rebut the testimony of Wayne Lorenz, Defendant's expert. Lorenz will opine that what the Government claims was an illegal discharge of pollutants was consistent with "typical runoff from urban areas during storm events." ECF No. 125, PageID # 2204. While Park may indeed be able to contradict testimony by Lorenz, any such contradiction actually goes to an element of the Government's case-in-chief, i.e., that the discharge was a pollutant. See ECF No. 125, PageID # 2205.

     The Magistrate Judge's ruling addressed the Government's failure to tender its Rule 16(a)(1)(G) disclosures. As the Government concedes, the Government should have disclosed the experts in these areas prior to the April 30 deadline. See ECF No. 125, PageID # 2206. The Government may not avoid that

6

ruling by recharacterizing as rebuttal evidence what it really intended to include in its case-in-chief.

Defendant Waste of Management Hawaii, Inc., notes that the four untimely disclosed experts could not have been intended to be rebuttal witnesses because they were disclosed by the Government before Waste Management disclosed the defense witnesses.  See ECF No. 138, PageID # 2597.  This court is certainly conscious that it must not micromanage how a party presents its evidence.  Indeed, this court concedes that the parties are typically in a better position than a court to determine the most effective order of witnesses.  But that does not mean that any party may evade deadlines by simply asserting that witnesses the party neglected to list as case-in-chief witnesses will be moved to the end of the trial.  Unless those witnesses clearly serve a defined rebuttal function distinguishable from a case-in-chief function, allowing such sleight of hand would make a nullity of expert witness disclosure deadlines.  The timing of the Government's designation of its four experts as rebuttal witnesses manifests just such an attempt to nullify the court-ordered case-in-chief deadline.

The Government fails to demonstrate that the Magistrate Judge's orders were clearly erroneous or contrary to law.  Absent such a showing, this court will not reverse or vacate the ruling.

However, the court notes that the Magistrate Judge's Order does not preclude the Government from introducing the testimony of Sharon Smith as a lay witness.  The Order only precludes the Government from introducing the testimony of Sharon Smith as an expert witness.  <u>See</u> ECF No. 98, PageID # 1656.

**IV.     CONCLUSION.**

The court affirms the Magistrate Judge's orders of May 5, 2015 (ECF No. 98), and May 18, 2015 (ECF No. 123).  If specific testimony or circumstances during the Government's rebuttal case warrants reconsideration of this order, the Government may, of course, seek appropriate relief at that time.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 12, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

<u>United States v. Waste Management of Hawaii, Inc. et al.</u>, Crim. No. 14-00468 SOM/BMK; ORDER AFFIRMING MAGISTRATE JUDGE'S EXCLUSION OF GOVERNMENT'S EXPERT REPORTS AND TESTIMONY